UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KANAAN A. MUSA-WALWEEL,<br><br>Defendant. | Case No. 6:20-po-00741-HBK-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT<br><br>(Doc. No. 7) |

Before the court is defendant Kanaan A. Musa-Walwel's Motion to Dismiss filed on March 5, 2021. (Doc. No. 7). On August 17, 2020, Defendant was issued Violation Notice 09910279 for engaging in a permit activity without a permit in violation of Title 36 C.F.R. §1.6(g)(1) and assessed $280. (Doc. No. 1). Defendant seeks dismissal of the violation on the basis that the place where he was issued the violation was not within the confines of Yosemite National Park. (Doc. No. 7). Specifically, Defendant contends that Dorothy Lake is not within the confines of Yosemite National Park but is located within the confines of the Inyo National Forest. (Id). Defendant also submits that there was no signage or notice advising him that he required a permit to be hiking in Yosemite National Park. (*Id*). On April 29, 2021, the Government filed its Opposition. (Doc. No. 10). On May 11, 2021, Defendant submitted exhibits, previously referenced in his Motion, in support of his contention that Dorothy Lake is

not within the confines of Yosemite National Park. (Doc. No. 13). As more fully set forth herein, the Court denies defendant's Motion.

## I. BACKGROUND

According to the probable cause state in support of the Violation, Defendant was approached by Yosemite National Park Ranger Carly McCoy at Dorothy Lake in Yosemite National Park's northern backcountry on August 13, 2020. (Doc. No. 1-2). Ranger McCoy asked defendant, who was carrying backpacking equipment, whether he had the permit and a bear cannister to backpack within Yosemite National Park's boundaries. (*Id.*). When defendant admitted he did not have those items and divulged he was planning on backpacking through Yosemite National Park into Tuolumne Meadows, he was issued a Violation for engaging in a permit activity in violation of Title 36 C.F.R. §1.6(g)(1). Defendant was assessed $250.00 as set forth in the Collateral Forfeiture Schedule and a $30.00 processing fee for a total amount of $280.00. (*Id.*). On February 9, 2021, Defendant appeared for his initial appearance and entered a not guilty plea. (Doc. No. 4).

## II. APPLICABLE LAW

A pretrial motion to dismiss seeks dismissal on a question of law. *See United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987). In ruling on such a motion, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."). The court asks only whether a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted).

## III. ANALYSIS

The court concludes the citation against defendant sufficiently alleges defendant violated Title 36 C.F.R. §1.6(g)(1). That law prohibits "engaging in an activity subject to a permit requirement imposed pursuant to this section without obtaining a permit." The statement of

probable cause attached to plaintiff's citation states that defendant attempted to backpack in Yosemite National Park despite not having the required permit. The citation therefore sufficiently alleges defendant violated Title 36 C.F.R. §1.6(g)(1) and thus cannot be dismissed.

The question before the court is not one of plaintiff's guilt or innocence but instead a question of if the United States has alleged defendant has committed a crime. The clear answer to this question is "yes." Whether Dorothy Lake is within Yosemite National Park's boundaries or whether defendant had proper notice a permit was required are questions of fact and are reserved for trial.

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss (Doc. No. 7) is **DENIED**.

2. The Court sets this matter for a final trial confirmation hearing held via *Zoom* for **Tuesday, June 8, 2021 at 1:00 p.m.**

3. The Clerk of Court, in addition to mailing, shall provide a copy of this Order by email to defendant.

IT IS SO ORDERED.

Dated: May 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE